# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CHARLOTTE KOCOCINSKI, derivatively on behalf of MEDTRONIC, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARTHUR D. COLLINS, JR., WILLIAM A. HAWKINS, GARY ELLIS, RICHARD H. ANDERSON, DAVID CALHOUN, VICTOR J. DZAU, SHIRLY ANN JACKSON, JAMES T. LENEHAN, DENISE M. O'LEARY, KENDALL J. POWELL, ROBERT C. POZEN, JEAN-PIERRE ROSSO, JACK W. SCHULER, MICHAEL R. BONSIGNORE, GORDON M. SPRENGER, WILLIAM R. BRODY, and OMAR ISHRAK, <br><br> Defendants, <br><br> - and - <br><br> MEDTRONIC, INC., <br><br> Nominal Defendant. | Case No. 12-cv-0633 (JRT/JJG) <br><br> The Honorable Jeanne J. Graham <br><br> **DECLARATION OF FRANCIS A. BOTTINI, JR.** <br><br> Hearing Date: June 6, 2013 <br> Time: 1:30 p.m. <br> Courtroom: 3B <br><br> Oral Argument Requested |

Under 18 U.S.C. § 1746, I, Francis A. Bottini, Jr. declare as follows:

1. I am an attorney at the law firm of Bottini & Bottini, Inc., counsel for Plaintiff Charlotte Kococinski. I have been admitted *pro hac vice* in this Court to represent Ms. Kococinski in this action. I have personal knowledge of the facts stated in this declaration; I can and will testify to these facts, if called upon to do so.

2. I submit this declaration in support of Ms. Kococinski's motion for an order (a) compelling Nominal Defendant Medtronic, Inc. ("Medtronic") to

1

comply with her shareholder inspection demand; and (b) extending her deadline to amend the complaint to 30 days after Medtronic's compliance with the inspection demand.

3. On March 12, 2012, Ms. Kococinski commenced this shareholder derivative action against Medtronic's officers and directors (the "Individual Defendants") to recover hundreds of millions of dollars of damages Medtronic suffered as a result of the Individual Defendants' breaches of fiduciary duties.

4. On May 25, 2012, Medtronic and the Individual Defendants moved to dismiss the complaint based on, among other things, Ms. Kococinski's purported failure to allege demand futility under Rule 23.1 of the Federal Rules of Civil Procedure. Dkt. Nos. 8, 13.

5. The Honorable John R. Tunheim heard the motions to dismiss on September 25, 2012.

6. On March 25, 2013, Judge Tunheim granted the motion, dismissing Ms. Kococinski's complaint without prejudice. Dkt. No. 23 at 31. Judge Tunheim granted Ms. Kococinski leave to amend the complaint on or before May 24, 2013.

7. In granting leave to amend, Judge Tunheim "urge[d] [Ms. Kococinski] to consider *exercising her statutory right to examine Medtronic's books and records* in order to potentially bolster her allegations [regarding demand futility]." *Id.* at 2 n.1 (citing MINN. STAT. § 302.A.461, subd. 4) (emphasis added).

8. Following Judge Tunheim's suggestion, I served upon Medtronic a shareholder inspection demand on Ms. Kococinski's behalf on April 5, 2013. The demand seeks production of documents relating to Ms. Kococinski's lawful purposes of: "(1) obtaining accurate and complete information concerning [her] investment in Medtronic; and (2) investigating mismanagement and breaches of fiduciary duty at Medtronic pertaining to Infuse."

9. A copy of this demand is annexed as **Exhibit 1**.

10. By letter dated April 22, 2013, however, Medtronic denied Ms. Kococinski's lawful demand.

11. A copy of Medtronic's denial letter is annexed as **Exhibit 2**.

12. On May 1, 2013, my firm reached out to defendants' counsel (a) stating Ms. Kococinski's intention to move for an order compelling compliance with her inspection demand and extending the deadline for her to file an amended complaint; and (b) inquiring whether defendants were willing to resolve the matter through an informal conference with this Court.

13. By e-mail dated May 4, 2013, defendants' counsel refused to submit the matter through an informal conference, or to agree to any part of the relief sought in Ms. Kococinski's anticipated motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 8, 2013.

                                               /s/ Francis A. Bottini, Jr.
                                                  Francis A. Bottini, Jr.

# EXHIBIT 1

# EXHIBIT 1

# BOTTINI & BOTTINI, INC.

Francis A. Bottini, Jr.

writer's direct: 858.926.2610
fbottini@bottinilaw.com

April 5, 2013

## VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED

D. Cameron Findlay
Senior V.P., General Counsel and Secretary
Medtronic, Inc.
710 Medtronic Parkway
Minneapolis, Minnesota 55432

Re: *Medtronic -- Demand to Inspect Books and Records Pursuant to Minn. Stat Section 302A.461*

Dear Mr. Findlay:

Ms. Charlotte Kococinski (the "Stockholder"), a holder of common stock of Medtronic, Inc. ("Medtronic"), has appointed this firm as her attorneys-in-fact and agents for the purpose of conducting the inspection demanded herein on behalf of the Stockholder.

The Stockholder hereby demands, pursuant to Section 302A.461 of the Minnesota Statutes and the common law of the State of Minnesota, the right to inspect and make copies of the following books and records of Medtronic within ten days after receipt of this demand:

I. DOCUMENTS DEMANDED BY STOCKHOLDER, AS TO WHICH STOCKHOLDER HAS AN **ABSOLUTE RIGHT OF INSPECTION** (Minn. Stat. Section 302A.461, Subd. 2 and subd. 4(a))

   A. The records of all proceedings of shareholders for the last three years;

   B. The records of all proceedings of the board for the last three years (specifically including, but not limited to, all board and board committee minutes and board packages);

   C. Medtronic's articles and all amendments currently in effect;

   D. Medtronic's bylaws and all amendments currently in effect;

April 5, 2013
Page 2

    E. Financial statements required by section 302A.463 and the financial statement for the most recent interim period;

    F. Reports made to shareholders generally within the last three years;

    G. A statement of the names and usual business addresses of Medtronic's directors and principal officers;

    H. Shareholder control agreements described in section 302A.457; and

    I. Copies of agreements, contracts, or other arrangements or portions of them incorporated by reference under section 302A.111, subd. 7.

II. DOCUMENTS DEMANDED, AS TO WHICH STOCKHOLDER HAS A **RIGHT OF INSPECTION, SUBJECT TO A PROPER PURPOSE** (Minn. Stat. Section 302A.461, Subd. 4(b))

    A. The minutes and board packages from Medtronic Board of Directors' meeting(s) (including all board committee meetings) from January 1, 2006 to April 5, 2010.

    B. All documents, correspondence and communications sent to or received by any Medtronic director or executive officer from January 1, 2006 to the present concerning the Corporate Integrity Agreement ("CIA") entered into by Medtronic in 2006 with the United States Department of Justice as part of the settlement of whistleblower lawsuits alleging, among other things, improper conduct relating to the Infuse Bone Graft ("Infuse").

    C. All documents, correspondence and communications sent to or received by any Medtronic director from January 1, 2006 to the present concerning any review by Medtronic's Board of Medtronic's compliance with the CIA.

    D. All internal Medtronic documents and communications sent to or from, or received by, any Medtronic director concerning off-label use of Infuse at any time from January 1, 2006 to the present.

    E. All internal Medtronic documents and communications from January 1, 2006 to the present sent to or from, or received by, any Medtronic director concerning payments to any doctor or physician related in any way, directly or indirectly, to Infuse, including but not limited to payments related to studies associated with FDA approval of Infuse.

    F. All internal Medtronic documents and communications from January 1, 2006 to the present sent to or from, or received by, any Medtronic director concerning efforts by Medtronic to market Infuse for off-label use.

G. All internal Medtronic documents and communications from January 1, 2006 to the present sent to or from, or received by, any Medtronic director concerning medical complications to patients from off-label use of Infuse.

H. All internal Medtronic documents and communications sent to or from, or received by, any Medtronic director concerning Medtronic's repurchase of its stock from 2005 to 2007.

I. All correspondence and documents from January 1, 2006 to the present exchanged between Medtronic and Senator Grassley or his office (or any other governmental official) concerning Infuse.

J. All Medtronic financial projections and budgets containing any breakdown reflecting sales from Infuse distributed to any Medtronic director from January 1, 2006 to the present.

K. Documents sufficient to demonstrate any personal, familial, and business relationships between any members of Medtronic's board of directors and/or between any of the members of Medtronic's board of directors and any of Medtronic's employees (with respect to any individual who is or was a director of Medtronic at any time from January 1, 2006 to the present).

The Stockholder demands the right to inspect all information referred to in this letter that is within the legal possession, custody or control of Medtronic including, but not limited to, such information that is within the possession, custody or control of Medtronic's subsidiaries and outside legal counsel, accountants, and consultants.

The Stockholder makes the foregoing demands for the purposes of: (1) obtaining accurate and complete information concerning Stockholder's investment in Medtronic; and (2) investigating mismanagement and breaches of fiduciary duty at Medtronic pertaining to Infuse.

The Stockholder has designated her counsel Bottini & Bottini, Inc. and Reinhardt Wendorf & Blanchfield and their attorneys and employees, or any other person designated by the undersigned or any of the foregoing counsel, acting together, singly or in any combination, to conduct, as its agent, the inspection and copying requested herein.

Please make the aforementioned items demanded above made available for inspection and copying within ten days of receipt of this letter, as required by Min. Stat. Section 302A.461, Subd. 2. The Stockholder intends to avail herself fully of the remedies provided at law and in equity if Medtronic fails to timely comply with this demand.

Very truly yours,

Francis A. Bottini, Jr.
for BOTTINI & BOTTINI, INC.

## VERIFICATION

I, Charlotte Kococinski, declare as follows: I am a current shareholder of Medtronic, Inc. I have appointed Bottini & Bottini, Inc. and Reinhardt Wendorf & Blanchfield and their attorneys as my counsel and agents with regard to my demand to inspect certain books and records of Medtronic. I have reviewed the foregoing letter of Bottini & Bottini, Inc. concerning my demand to inspect the books and records of Medtronic, and the statements contained therein are true and correct to the best of my knowledge.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:

*(signed)* Charlotte Kococinski

State of Pennsylvania
County of Allegheny

Signed and sworn to (or affirmed) before me on 4-8-13 (date) by Charlotte Kococinski.

*(signed)*
(Signature of notarial officer)

(Stamp)

Notary Public
Title (and Rank)
My commission expires: June 15, 2015

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
REBECCA HEBB, Notary Public
Robinson Twp., Allegheny County
My Commission Expires June 18, 2015

# EXHIBIT 2

# EXHIBIT 2

A NEW
CENTURY
OF SERVICE
1912 | 2012

DORSEY™

PETER W. CARTER, ESQ.
(612) 340-5635
FAX (612) 340-2868
carter.peter@dorsey.com

April 22, 2013

**VIA ELECTRONIC AND U.S. MAIL**
Francis A. Bottini, Jr., Esq.
Bottini & Bottini, Inc.
7817 Ivanhoe Avenue
Suite 102
La Jolla, CA 92037

Re:   *Request for Inspection of Medtronic, Inc. Books and Records*

Dear Mr. Bottini,

I write in response to your client's Demand to Inspect Books and Records, received by Medtronic, Inc. ("Medtronic") on April 11, 2013 (the "Demand"). The Demand is legally deficient in a number of ways, and in particular because it does not adequately allege a proper purpose for its numerous and overly broad document requests, as described more fully below. Accordingly, Medtronic declines to produce the requested documents.

Minn. Stat. § 302A.461, subd. 4(c) provides that a shareholder of a publicly held corporation has the right "to examine and copy the corporation's share register and other corporate records" only "upon written demand stating the purpose" for her request. A shareholder only has a right to inspect corporate records of a public company "reasonably related to the stated purpose and described with reasonable particularity in the written demand upon demonstrating the stated purpose to be a proper purpose." In the case of a publicly held corporation, this requirement applies to all documents requested by the shareholder, regardless of whether she has an "absolute right" to examine them under subd. 4(a). *See* Minn. Stat. §302A.461, subd. 4(c); *Bergmann v. Lee Data Corp.*, 467 N.W.2d 636, 639-40 (Minn. Ct. App. 1991) ("[S]hareholders of public corporations no longer have access as of right to the share register and documents listed in subdivision 2."); 18 John H. Matheson and Philip S. Garon *Corporation Law and Practice* § 5.43.

Minnesota courts grant a shareholder's request for inspection only when it is "made in good faith, for a **specific** purpose, and where it is not made for a vexatious purpose or to gratify curiosity; the object of the inspection should be germane to the stockholder's interest and not inimical to the interests of the corporation itself." *Sanders v. Pacific Gamble Robinson Co.*, 84 N.W.2d 919, 922 (Minn. 1957) (emphasis added). When a specific and proper purpose is not alleged, courts do not hesitate to find that a shareholder is not entitled to the documents requested. *See Bergmann*, 467 N.W.2d at 640. Shareholder books and records requests are not intended to be as broad as, or be a substitute for, discovery requests in a lawsuit, *see Highland Select Equity Fund, L.P. v. Motient Corp.*, 906 A.2d 156 (Del. Ch. 2006), and the shareholder making the request must prove that "each category of books and records is essential to the accomplishment of the stockholder's articulated purpose for the inspection." *Sec. First Corp. v. U.S. Die Casting & Dev. Co.*, 687 A.2d 563, 569-70 (Del. 1997).

DORSEY™

Francis A. Bottini, Jr., Esq.
April 22, 2013
Page 2

The purposes stated are simply not proper under Minn. Stat. §302A.461. First, as a publicly traded company regulated by the United States Securities and Exchange Commission, Medtronic is not *permitted* to provide Ms. Kococinski with special information for her to confirm whether she has "accurate and complete information" about her individual investment, much less required to do so. There is no justification for a shareholder to receive special information. Second, the stated purpose of "investigating mismanagement and breaches of fiduciary duty" is extremely broad. Third, and most importantly, your request is redundant of what the Special Litigation Committee (the "SLC")—whose existence you were made aware of earlier this month—is doing. Medtronic's Board established the SLC in the interest of completing an objective investigation of the Infuse-related claims and the SLC has been empowered to determine whether those claims should be pursued. It is "inimical to the interests of the corporation" for Ms. Kococinski to attempt to do the same, *Sanders,* 84 N.W.2d at 922, and therefore, not reasonably related to your client's status as a shareholder. The Corporation has done exactly what your client seeks to do on behalf of the Corporation.

In addition, neither the purposes stated in Ms. Kococinski's Demand, nor the document requests themselves, are specific or stated with particularity. Taken together, the requests demand seven years' worth of documents, correspondence, and communications sent or received by *any* Medtronic director or executive officer related to, *inter alia*, the Corporate Integrity Agreement (the "CIA"), Medtronic's compliance with the CIA, alleged off-label use of Infuse, alleged payments to doctors related in any way to Infuse, alleged off-label marketing of Infuse, and Senator Grassley's questions related to Infuse. These demands are akin to the vague and overbroad requests for production typically advanced in shareholder derivative litigation—exactly what books and records requests are *not* intended to be. Moreover, the purposes given for these requests are similarly vague (or nonexistent) and no connection is drawn between them and the burdensome document requests.

Finally, I note that a number of the documents requested are publicly available on Medtronic's website, including Medtronic's articles of incorporation, bylaws, SEC filings, annual reports, and information regarding Medtronic's directors and executive management.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Peter W. Carter

PWC/KZ/cjs
cc:   Garrett D. Blanchfield, Jr., Esq.