UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CHARLOTTE KOKOCINSKI, *derivatively on behalf of Medtronic, Inc.*, | Civil No. 12-633 (JRT/HB) |
| Plaintiff, | |
| v. | |
| ARTHUR D. COLLINS, JR., WILLIAM A. HAWKINS, GARY ELLIS, RICHARD H. ANDERSON, DAVID CALHOUN, VICTOR J. DZAU, SHIRLY ANN JACKSON, JAMES T. LENEHAN, DENISE M. O'LEARY, KENDALL J. POWELL, ROBERT C. POZEN, JEAN-PIERRE ROSSO, JACK W. SCHULER, MICHAEL R. BONSIGNORE, GORDON M. SPRENGER, WILLIAM R. BRODY, OMAR ISHRAK, and MEDTRONIC, INC., | **MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT OR, IN THE ALTERNATIVE, TO AMEND JUDGMENT** |
| Defendants, | |
| v. | |
| SPECIAL LITIGATION COMMITTEE, | |
| Movant. | |

Francis A. Bottini, Jr. and Albert Y. Chang, **BOTTINI & BOTTINI, INC.**, 7817 Ivanhoe Avenue, Suite 102, La Jolla, CA 92037; Garrett D. Blanchfield, Jr., **REINHARDT WENDORF & BLANCHFIELD**, 332 Minnesota Street, Suite E-1250, St. Paul, MN 55101; and Keith M. Cochran, **CHAPIN FITZGERALD LLP**, 550 West C Street, Suite 2000, San Diego, CA 92101, for plaintiff.

James K. Langdon, Timothy J. Droske, Michelle S. Grant, and Kristin K. Zinsmaster, **DORSEY & WHITNEY LLP,** 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for the individual defendants.

Maren F. Grier and Patrick S. Williams, **BRIGGS & MORGAN, PA**, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, for defendant Medtronic, Inc.

Andrew S. Birrell, Sara H. Daggett, and Steve W. Gaskins, **GASKINS, BENNETT, BIRRELL, SCHUPP, LLP**, 333 South Seventh Street, Suite 3000, Minneapolis, MN 55402, for movant.

Plaintiff Charlotte Kokocinski ("Kokocinski") brought a shareholder derivative action on behalf of nominal party Medtronic, Inc. ("Medtronic") against current and former directors and officers of Medtronic ("individual defendants"). She alleged that Medtronic's management illegally marketed off-label uses for one of their medical devices.[1] Medtronic established a Special Litigation Committee ("SLC") in response, pursuant to Minnesota Statute § 302A.241, subd. 1, which concluded in a report ("SLC Report") that it was not in the best interests of Medtronic to litigate. Medtronic, the individual defendants, and the SLC moved to dismiss. After concluding that the SLC possessed a "disinterested independence" and that its "investigative procedures and methodologies were adequate, appropriate, and pursued in good faith," the Court granted the motions to dismiss. (Mem. Op. & Order Granting Mots. to Dismiss ("Order") at 2, 37-38, Mar. 30, 2015, Docket No. 98.)

Kokocinski has since timely filed this motion for relief from judgment or, in the alternative, to amend judgment under Rule 59(e) and Rule 60(b).[2] (Pl.'s Mot. for Relief

---

[1] For a more detailed summary of the factual and procedural background of this case, see this Court's order on the defendants' motions to dismiss. (Mem. Op. & Order Granting Mots. to Dismiss at 3-12, Mar. 30, 2015, Docket No. 98.)

[2] Though not styled as such, Kokocinski's motion is essentially a "Motion to Reconsider," which is governed by Local Rule 7.1(j). *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999) (stating that a Motion to Reconsider, filed pursuant to the District of Minnesota's

(Footnote continued on next page.)

from J. or, in the Alternative, to Amend J. Under Rule 59 and Rule 60, Apr. 27, 2015, Docket No. 101.)  Kokocinski argues that the Court did not conduct a rigorous inquiry into the SLC's disinterested independence and good faith and that she should be allowed the "opportunity to conduct discovery with respect to (1) whether the members of the SLC possessed a disinterested independence; and (2) whether the SLC pursued the underlying investigation in good faith."  (Pl.'s Mem. of Law in Supp. of Mot. for Relief from J. or, in the Alternative, to Amend J. ("Pl.'s Mem.") at 12, 22, Apr. 27, 2015, Docket No. 103.)  In the alternative, Kokocinski argues that "the Court should amend the March 30, 2015 memorandum opinion and order to reflect that Kokocinski's request for discovery is denied and to set forth the reasons for such denial."  (*Id.* at 16.)

## DISCUSSION

### I.   STANDARD OF REVIEW

Kokocinski brings this motion under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure.  A Rule 59(e) motion serves the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence."  *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)

---

(Footnote continued.)

local rules, is "the functional equivalent of a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e)"); *Cenveo Corp. v. S. Graphic Sys., Inc.*, No. 08-5521, 2011 WL 2619077, at *1 (D. Minn. July 1, 2011).  Rule 7.1(j) requires parties seeking reconsideration of an order to file and serve a letter of no more than two pages requesting permission to file a lengthier Motion to Reconsider.  D. Minn. L.R. 7.1(j).  Here, Kokocinski did not submit a letter to the Court requesting permission to file a motion.  Nevertheless, since the defendants have focused in their opposition briefs on the merits of Kokocinski's motion, the Court will consider the motion's merits under Rules 59 and 60.

(internal quotation marks omitted).  Such a motion cannot be used to introduce evidence that was available prior to entry of judgment but was not proffered; to re-litigate old issues; to advance new theories; or to secure a rehearing on the merits.  *Id.*; *Wood v. Kapustin*, No. 13-1495, 2014 WL 3734248, at *1 (D. Minn. July 28, 2014); *Dale & Selby Superette & Deli v. U.S. Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Under Rule 60(b), a party may move to set aside a final judgment or order on the basis of mistake or inadvertence, newly discovered evidence, or fraud.  Fed. R. Civ. P. 60(b).  The Court may also grant relief for "any other reason that justifies relief."  *Id.*  Rule 60(b) motions are granted only under "extraordinary circumstances."  *Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 194 F.3d 922, 925 (8th Cir. 1999).

## II.   RIGOROUS INQUIRY AND DISCOVERY

### A.   The Court's Rigorous Inquiry

First, Kokocinski challenges the rigor of the Court's inquiry into the SLC's disinterested independence and good faith, drawing on a Sixth Circuit case in which the court determined that there should be no presumption of independence and good faith for an SLC.  *See Hasan v. CleveTrust Realty Inv'rs*, 729 F.2d 372, 378 (6th Cir. 1984) ("[I]n *Auerbach* . . . the court examined carefully the proof submitted by the **defendants** to determine whether the members of a special litigation committee possessed a disinterested independence or stood in a dual relation which prevents an unprejudicial exercise of judgment." (citation omitted))

Kokocinski's argument fails because the Court **did not** presume the independence and good faith of the SLC. On the contrary, the Court examined carefully the defendants' evidence of disinterested independence and good faith. The Court analyzed the scope of the SLC's authority, finding that Medtronic gave the SLC "complete power and authority to investigate Kokocinski's allegations and the power to determine, completely unencumbered by the Medtronic Board, whether to pursue the company's rights and remedies." (Order at 27 (internal quotation marks omitted).)

The Court then closely analyzed the SLC's disinterested independence, following the eleven factors laid out in *In re UnitedHealth Grp. Shareholder Derivative Litigation*, 754 N.W.2d 544, 560 n.11 (Minn. 2008). The Court found that the two SLC members were disinterested and independent because, among other reasons, they were not defendants in the litigation, they had never had professional or personal ties to Medtronic, and they received counsel and advice from an outside law firm and other experts who also had no ties to Medtronic. Moreover, the Court considered and rejected Kokocinski's argument that the SLC members were not disinterested and independent because they were compensated in a way that violates Medtronic's bylaws. (Order at 30-33 (concluding that "the SLC members did not violate the Medtronic bylaws or, to the extent they did due to confusion or ambiguity in the bylaws about how to pay SLC members, that violation did not amount to an improper personal benefit").)

The Court also analyzed the SLC's investigative procedures and methodology, following the four factors from *In re UnitedHealth Grp. Inc. Shareholder Derivative Litigation* (*UnitedHealth I*), 591 F. Supp. 2d 1023, 1029 (quoting *Auerbach v. Bennett*,

393 N.E.2d 994, 1003 (N.Y. 1979)).  The Court concluded that the SLC's procedures and methodologies were adequate, appropriate, and in good faith, because, among other reasons, the SLC retained independent counsel, hired experts, conducted a broad eighteen-month investigation, reviewed thousands of pages of documents, and interviewed sixty individuals.  The Court considered and rejected Kokocinski's argument that the SLC's methodology was insufficient for failing to consider adequately all of the arguments and factual allegations in her amended complaint.  The Court found that the sort of specificity Kokocinski sought in the SLC's report is not required under the holdings of the Minnesota Supreme Court in *In re UnitedHealth Group*, and this Court in *UnitedHealth I*.

Despite Kokocinski's protestations to the contrary, this Court's inquiry was rigorous and in line with relevant case law, and it did not give the SLC any undue presumption of regularity or validity.  Instead, the Court applied the same rigorous investigation that Judge James R. Rosenbaum did in *UnitedHealth I*, 591 F. Supp. 2d at 1028-30.  As to the rigor of its inquiry – and setting aside for the moment whether Kokocinski is entitled to additional discovery – the Court finds no manifest error or judicial inadvertence.

### B. Kokocinski's Discovery Request

Kokocinski's primary argument is that she is entitled to discovery as to the SLC's independence and good faith.  She gives three reasons she should be granted the opportunity for discovery: (1) the SLC and Defendants have exclusive access to all

evidence regarding the SLC members' good faith and independence; (2) the SLC has failed to provide basic information regarding the SLC members' independence and good faith; and (3) depriving Kokocinski of an opportunity to conduct discovery is unfair and unreasonable.  Kokocinski asserts that "the Court's failure to allow discovery constitutes manifest error or judicial inadvertence" that warrants relief under Rules 59 or 60.  (Pl.'s Mem. at 21.)

Despite Kokocinski's arguments to the contrary, the issue of discovery has already been litigated.  Although not by any type of formal motion, Kokocinski did seek the opportunity for discovery as a part of her brief in opposition to the defendants' motions to dismiss.  (Pl.'s Omnibus Mem. of Law in Opp'n to Mots. to Dismiss at 29-30, Jul. 15, 2014, Docket No. 79.)  Kokocinski raised this argument in the context of asking the Court to construe the defendants' dismissal motions as motions for summary judgment.  The Court rejected that approach, however.  It reviewed the motions under Rule 23.1, keeping in mind the summary judgment standard.  The Court explicitly noted that courts in this context have held that discovery is permissible but not necessary.  *Zapata Corp. v. Maldonado*, 430 A.2d 779, 788 (Del. 1981).[3]  Moreover, the Court implicitly concluded that sufficient evidence existed as to the SLC's independence and good faith such that discovery was not required.  Kokocinski's motion is therefore an impermissible attempt

---

[3] As explained in the Court's prior Order, the Minnesota Supreme Court has adopted the *Auerbach* test, not the *Zapata* test, for analyzing an SLC report.  *In re UnitedHealth Grp.*, 754 N.W.2d at 556-59.  But given the seminal position of *Zapata* in SLC cases, that case and its progeny have persuasive authority and are useful for filling in various uncharted areas of SLC law.

to re-litigate issues this Court already decided. *Innovative Home Health Care, Inc.*, 141 F.3d at 1286. While Kokocinski is correct that the defendants, and not a shareholder like her, have the most knowledge regarding the characteristics of the SLC, and that not all information she might possibly want about the SLC is available to her, the Court reached its conclusion based on the evidence (e.g., affidavits and the SLC Report) that was available. In reaching its conclusion, the Court either explicitly or implicitly rejected each of the arguments Kokocinski tries to resurrect in the instant motion. A Rule 59 or 60 motion must do more than simply rehash issues already argued and decided.

Moreover, on the merits, Kokocinski fails to establish that discovery in her case is mandatory. Although Kokocinski quotes several cases, she offers no binding authority that makes discovery mandatory before dismissing a case pursuant to an SLC's report, nor does she cite to a case that is exactly on point. For example, Kokocinski relies on a New York case that rejected as premature a decision to grant summary judgment, pre-discovery, based on the plaintiff's failure to show bad faith or fraud. *See, e.g.*, *Parkoff v. Gen. Tel. & Elecs. Corp.*, 53 N.Y.2d 412, 417-18 (N.Y. 1981). But this case is different in large part because the Court did not foist the burden on the plaintiff and subsequently dismiss Kokocinski's case because she had failed to make the requisite showing; instead, the Court reviewed the material available and concluded based on that material that the SLC was disinterested and acted in good faith. Additionally, many of the cases Kokocinski cites either note that discovery may be allowed, but say nothing about whether it is required in every case, or arise in jurisdictions that do not apply the *Auerbach* test. *See, e.g.*, *Burks v. Lasker*, 441 U.S. 471, 474-75 (1979) (noting only that

the district court had **permitted** "discovery on the question of the directors' independence"); *Seidl v. Am. Century Companies, Inc.*, No. 14-2796, 2015 WL 4978972, at *3 (8th Cir. 2015), *Joy v. North*, 692 F.2d 880, 887, 891-93 (2d Cir. 1982) (concluding that the Connecticut Supreme Court would apply the *Zapata* test and stating that *Auerbach* "gives excessive weight to the recommendations of special litigation committees"); *Scalisi v. Grills*, 501 F. Supp. 2d 356, 360 (E.D.N.Y. 2007).

Kokocinski additionally points to a June 17, 2015 order in *In Re Hewlett-Packard Co. S'holder Derivative Litig.* (*Hewlett-Packard*), No. 12-6003 (N.D. Cal. June 17, 2015), an ongoing case in the Northern District of California. (Pl.'s Notice of Supplemental Authority in Further Supp. of Mot. for Relief from J., Ex. A., June 19, 2015, Docket No. 112)  In that case, Hewlett-Packard formed a Demand Review Committee ("DRC") tasked with recommending the proper course of action for the company in response to a shareholder derivative action. The DRC determined that it would be in the best interest of the company to settle. The June 17 order to which Kokocinski cites allowed an objecting shareholder the opportunity to depose one member of the DRC, after the shareholder convinced the Court that conducting such a deposition might "facilitate the parties' and the courts' examination of [the committee's good faith and independence]." *Hewlett-Packard* at 2.[4]  The court did not indicate that discovery into good faith and independence was required in all SLC cases, and in fact relied on a statement from the Seventh Circuit that "[d]iscovery of settlement negotiations . . . is

---

[4] This case is cited using the attached exhibit's internal pagination.

proper only where the party seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive." *Hewlett-Packard* at 1 (quoting *Mars Steel Corp. v. Cont'l Illinois Nat. Bank & Trust Co. of Chicago*, 834 F.2d 677, 684 (7th Cir. 1987)). *Hewlett-Packard* provides little support for Kokocinski's present motion; as in the cases cited above, it arises in a different context and it establishes only that courts have the discretion to order discovery when assessing the independence and good faith of an SLC. *See also Zapata*, 430 A.2d at 788 ("[T]he Court should inquire into the independence and good faith of the committee and the bases supporting its conclusions. Limited discovery **may** be ordered to facilitate such inquiries." (emphasis added)).

Kokocinski's motion also fails because she does not articulate how this Court's Order amounts to manifest error or judicial inadvertence, when it so clearly aligns with the decision in *UnitedHealth I*. Although that case arose in the settlement context, its application of the *Auerbach* test was still rigorous and it is still the most relevant and on point case available. And the facts in both cases – specifically the details of the SLCs in both cases – are very similar. Indeed, the Court's analysis in this case tracks closely the Court's analysis in *UnitedHealth I*. (*Compare* Order at 29-37), *with UnitedHealth I*, 591 F. Supp. 2d at 1028-30. The Court in *UnitedHealth I* did not base its decision on months or years of discovery, did not cite the types of information Kokocinski claims is missing here, and ultimately relied on similar information to what this Court had available and ended up relying on in this case. *UnitedHealth I*, 591 F. Supp. 2d at 1028-30.

In sum, Kokocinski has failed to offer compelling authority that holds that discovery is necessary in this case. Based on its own analysis of the available evidence, and in light of *UnitedHealth I*, this Court concluded before, and continues to conclude, that the SLC was disinterested and operated in good faith, such that the Court must defer to its decision regarding litigation and grant the defendants' motions to dismiss. Moreover, the instant motion is simply a rehash of arguments the Court previously rejected, both explicitly and implicitly, and a Rule 59 or 60 motion must offer something more. As a result, the Court will deny the motion. *Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001); *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999) (noting that Rule 60(b) "is not a vehicle for simple reargument on the merits")

### III. AMEND THE MARCH 30, 2015 ORDER

Kokocinski argues in the alternative that the Court should amend its prior Order "to reflect that Kokocinski's request for discovery is denied and to set forth the reasons for such a denial." (Pl.'s Mem. at 21.) As noted above, Rule 59(e), which governs motions to amend, corrects "manifest errors of law or fact." *Innovative Home Health Care, Inc.*, 141 F.3d at 1286 (internal quotation marks omitted).

Kokocinski has not shown a manifest error in the Court's prior Order and the Court will therefore deny Kokocinski's motion seeking an amendment. The Court's Order thoroughly considered the three formal motions to dismiss before it. Kokocinski informally raised a discovery request in her opposition brief. The Court's decision, by applying the *Auerbach* factors, citing *UnitedHealth I*, and concluding the SLC was

independent and acted in good faith, necessarily rejected Kokocinski's discovery request. The Court concluded that the evidence available was enough to establish the SLC's independence and the validity of its methodology.  Thus, the Court sees no reason to revisit the issue and will deny the motion to amend.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Kokocinski's Motion for Relief from Judgment or, in the Alternative, to Amend Judgment [Docket No. 101] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  September 30, 2015                 ____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                            JOHN R. TUNHEIM
                                                                  Chief Judge
                                                       United States District Court